13 CV 1812

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PAUL AHERN and NEXT DECADE
ENTERTAINMENT, INC.
                      Plaintiffs,
 

   -against-

DONALD THOMAS SCHOLZ,

                    Defendant.

-------------------------------------------------------------X

COMPLAINT
13 Civ.

RECEIVED
MAR 19 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Paul Ahern and Next Decade Entertainment, Inc., by their attorneys, Eisenberg

Tanchum & Levy, for their complaint allege as follows:

## THE PARTIES

1. Plaintiff Paul Ahern ("Ahern") is a citizen and resident of the State of Florida, residing at

   100 Oakmont Lane, Apartment 702, Belleair, Florida 33756.  At all relevant times Ahern,

   doing business under the name "Pure Songs," was, and continues to be, engaged in the

   business of publishing and otherwise commercially exploiting musical compositions.

2. Plaintiff Next Decade Entertainment, Inc. ("Next Decade") is a corporation duly

   organized and existing under the laws of the State of New York and having its principal

   place of business at 65 West 55th Street, Suite 4F, New York, New York 10019. At all

   relevant times Next Decade was, and continues to be, a company engaged in the business

   of publishing and otherwise commercially exploiting musical compositions.

3. Defendant Donald Thomas Scholz ("Scholz") is, upon information and belief, a citizen of

   the Commonwealth of Massachusetts, residing at 40 Lantern Lane, Weston, MA 02493.

4. Plaintiff Next Decade, at all relevant times, was, and continues to be, the exclusive

   administrator in the United States and the rest of the world of musical compositions

published and owned by Ahern. In that capacity Next Decade represents Ahern in the commercial exploitation of Ahern's musical compositions, including enforcing Ahern's rights in those compositions.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon 28 U.S.C. Sections 1331 and 1338(a) in that the controversy arises under an Act of Congress relating to copyright; to wit, the copyright laws of the United States (17 U.S.C. Section 101 *et seq.*) This action, to the extent that it seeks declaratory relief, is also brought under 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

6. Venue is proper under 28 U.S.C. Section 1391(b) in that a substantial part of the events giving rise to the dispute and claims occurred, and will occur, in the City, State and Southern District of New York.

## THE FACTS

The 1975 Songwriter Agreement

7. In or about November 15, 1975 plaintiff Ahern, as an individual, entered into a written agreement with defendant Scholz, a member of a band known as "Boston," pursuant to which plaintiff Ahern engaged and employed defendant Scholz to render, on an exclusive basis, his services as a songwriter, and defendant Scholz assigned to Ahern all musical works written by him prior to that date as well as those composed, created or conceived in whole or in part by him for a period of five years from the date of that agreement (the "1975 Songwriter Agreement").

<u>Songs written by Scholz and published by Ahern pursuant to the 1975 Songwriter Agreement</u>

8. Pursuant to the terms of the 1975 Songwriter Agreement, defendant Scholz composed and plaintiff Ahern published, songs that appeared on two long playing record albums recorded by the group "Boston" (including Scholz) and released to the public by Epic Records.

9. The group's first long playing album, eponymously entitled, "Boston," was released in the United States in 1976 and contains the following songs written solely by defendant Scholz:

    a.   More Than a Feeling

    b.   Peace of Mind

    c.   Fore-Play/Long Time

    d.   Rock 'n Roll Band (also known as Song Without Words)

    e.   Hitch a Ride (also known as Gonna Hitch A Ride)

    f.   Something About You (also known as It Isn't Easy)

(The above-listed songs are collectively referred to as the "First Album Compositions").

10. In 1975 and 1976 plaintiff Ahern secured copyright registrations for all of First Album Compositions, and since the date of the registrations he has at all times acted to preserve and defend his copyright ownership in those Compositions.

11. The group's second long playing album, entitled, "Don't Look Back," was released in the United States in 1978 and contains the following songs written solely by defendant Scholz:

    a.   Don't Look Back

    b.   The Journey

    c.  It's Easy

    d.  A Man I'll Never Be

    e.  Feelin' Satisfied

    f.  Don't Be Afraid

(The above-listed songs are collectively referred to as the "Second Album Compositions").

12. In 1978 plaintiff Ahern secured copyright registrations for all of Second Album Compositions, and since the date of the registrations he has at all times acted to preserve and defend his copyright ownership in those Compositions.

13. By virtue of the 1975 Songwriter Agreement Scholz granted copyright ownership to Ahern in both the First and Second Album Compositions.

## April 1978 Modified Agreement has nothing to do with rights granted under 1975 Songwriter Agreement

14. Plaintiff Ahern, in addition to operating as a music publisher, also worked with Charles McKenzie, a business associate, under the name, P.C. Productions (and sometimes referred to as "Ahern Associates").

15. In November 1975 the members of the group, "Boston," including defendant Scholz, entered into agreements with P.C. Productions to manage their careers as well as to produce the group's recordings which were then delivered to Epic Records for distribution (the "Recording Artist" and "Management Agreements").

16. Defendant Scholz had a personality clash with Charles McKenzie and between the release of Boston's first and second albums defendant Scholz demanded that plaintiff

Ahern sever his ties with McKenzie and, in particular, that McKenzie cease to be involved in any manner with P.C. Productions.

17. Plaintiff Ahern succumbed to the pressure from defendant Scholz.

18. On or about April 24, 1978, the members of the group "Boston," including defendant Scholz, entered into an agreement with Ahern, individually, and as P.C Productions, pursuant to which, among other things, the provisions of the Recording Artist and Management Agreements were amended to become more favorable to the group, and Charles McKenzie's withdrawal from the business affairs of P.C. Productions confirmed (the "April 1978 Modification Agreement").

19. The April 1978 Modification Agreement had no effect whatsoever on the 1975 Songwriter Agreement. Charles McKenzie never participated in defendant Scholz's publishing, and neither P.C. Productions nor Charles McKenzie, nor the other members of the group, Boston, had any interest in the 1975 Songwriter Agreement as to which only Scholz and Ahern were parties.

20. In fact, in the April 1978 Modification Agreement defendant Scholz expressly ratified and confirmed the validity of all of the terms and provisions of the 1975 Songwriter Agreement.

Defendant Scholz wrongly seeks to terminate plaintiff Ahern's copyright ownership

21. In January 2013 defendant Scholz served upon plaintiff Ahern, care of Next Decade, a notice of termination pursuant to section 203 of the Copyright Act ("the Notice"). A copy of the Notice is annexed hereto as Exhibit A.

22. The Notice purports to terminate the rights of plaintiff Ahern and his agent, plaintiff Next Decade, in certain musical compositions written solely by defendant Scholz and which are enumerated in the schedule of works set forth therein (the "Compositions").

23. The Notice divides the Compositions between those that appear on the First Boston Album and the remainder which appear on the Second Boston Album, and lists all of the songs that are identified herein as the First and Second Album Compositions.

24. Although the Compositions that are identified herein as the First Album Compositions were clearly written prior to December 31, 1977, since the album had been released to the public in 1976, the Notice nevertheless claims that these Compositions are governed by the April 1978 Modification Agreement.

25. If that was the case, with the grant of copyright ownership to plaintiff Ahern having been made on April 24, 1978, the date of the April 1978 Modification Agreement, the result would be, as defendant Scholz contends, that termination rights are governed by the terms of the 1976 Copyright Act and, specifically, section 203.

26. Defendant Scholz also maintains that Ahern's copyright ownership of the Compositions that are identified herein as the Second Album Compositions, and that appear on the album released in 1978, is similarly terminable under section 203 of the Copyright Act.

27. Defendant Scholz in his Notice therefore argues that because section 203 of the Copyright Act governs all of the First and Second Album Compositions, plaintiff Ahern's ownership in these Compositions automatically terminates in 2015.

<u>Defendant Scholz refuses to withdraw Notice despite Ahern's response setting forth the errors in</u>
<u>Scholz's position</u>

28. Defendant Scholz originally raised his termination arguments in a letter sent by his attorney to plaintiff Ahern in November 2009.

29. Plaintiff Ahern, through his attorney, responded in a writing dated November 13, 2009, that "any attempt to terminate the transfer relating to compositions governed by the November 15, 1975 Songwriter Agreement into which Mr. Scholz entered with Mr. Ahern is without merit and contrary to prevailing Copyright Law. It is, therefore, rejected."

30. Defendant Scholz thereafter took no steps to terminate plaintiff Ahern's copyrights in the Compositions until more than two years later when defendant Scholz's attorney, in a telephone conversation with the attorney for plaintiff Ahern, represented that a termination notice would be forthcoming. During that discussion, defendant Scholz's attorney reiterated the same arguments in support of termination that had been raised by him on behalf of his client more than two years earlier, and which are set forth in the Notice. Defendant Scholz's attorney rejected attempts by plaintiff Ahern's counsel to explain why no such termination rights existed.

31. Defendant Scholz, through his attorney, has refused to withdraw the Notice.

32. That refusal is contrary to the facts and the governing law.

## NEITHER THE FIRST NOR SECOND ALBUM COMPOSITIONS QUALIFY FOR TERMINATION OF RIGHTS UNDER SECTION 203

The only "grant," as that term is used in the Copyright Act, is the 1975 Songwriter Agreement

33. Section 203(a) of the Copyright Act sets forth as a condition for termination that there be a "grant of a transfer or license of copyright or any other right under a copyright, executed by the author on or after January 1, 1978, otherwise than by will...."

34. The only document that grants a transfer of copyrights in the Compositions, both the First Album Compositions and the Second Album Compositions, is the 1975 Songwriter Agreement.

35. Since the 1975 Songwriter Agreement was executed by defendant Scholz in 1975 it is not subject to Section 203 of the Copyright Act and the Notice arguing otherwise is fatally defective.

Defendant Scholz's erroneous attempt to circumvent section 203 limitations as they relate to First Album Compositions.

36. In his Notice defendant Scholz seeks to avoid the clear limitation of Section 203 by claiming that the April 1978 Modification Agreement constitutes a new grant that superseded the grant conveyed by the 1975 Songwriter Agreement. He then argues that since the Modification Agreement was entered into after January 1, 1978, the termination provisions of section 203(a) apply.

37. Defendant Scholz's argument ignores the fact that the April 1978 Modification Agreement, as it related to the 1975 Songwriter Agreement, made absolutely no changes. On the contrary, it merely provided that defendant Scholz ratified and confirmed the existence and validity of the Songwriter Agreement. Nor,

notwithstanding the statement to the contrary in the Notice, that Scholz had taken the position that the Songwriter Agreement "was void, voidable, or terminated," was the validity of the 1975 Songwriter Agreement ever held by a court of law to be void, voidable or terminated.

38. The April 1978 Modification Agreement, therefore, does **not** transfer the ownership of the First Album Compositions from defendant Scholz to plaintiff Ahern. Nor could there have been such a transfer since ownership of the First Album Compositions had already been transferred by defendant Scholz to plaintiff Ahern by virtue of the 1975 Songwriter Agreement.

39. Since the termination provisions of section 203(a) can only be invoked if there is a grant, executed on or after January 1, 1978, that transfers ownership of copyrights, and the April 1978 Modification Agreement effected no such transfer, that Agreement is not a grant and cannot be used, as defendant Scholz improperly attempts, to acquire a new date for the grant of copyright ownership.

40. The date when ownership of the First Album Compositions was conveyed to plaintiff Ahern remains the date of the 1975 Songwriter Agreement.

41. Since the 1975 Songwriter Agreement obviously predates January 1, 1978, the termination provisions of Section 203(a) are inapplicable, and defendant Scholz's attempt to invoke that section in his Notice is fatally defective.

Termination rights do not apply to the Second Album Compositions

42. Defendant Scholz's Notice is equally defective as it relates to the Second Album Compositions.

43. While the Second Album was released in 1978 and copyright registrations for the Second Album Compositions were issued after January 1, 1978, the provisions of Section 203(a) still do not apply for three (3) reasons.

44. First, the grant pursuant to which the copyrights in the Second Album Compositions were conveyed to plaintiff Ahern is the 1975 Songwriter Agreement which provides that all songs, written in whole or in part, by Scholz for five years from the date of the Agreement would be owned by plaintiff Ahern.

45. As noted above, there is no subsequent grant document, so songs written by Defendant Scholz in 1978 (i.e., the Second Album Compositions) are governed by the 1975 Songwriter Agreement. And, as further noted, Compositions whose copyright ownership were transferred prior to January 1, 1978, are not governed by the termination rights set forth in section 203(a) for grants made on or after January 1, 1978.

46. Second, defendant Scholz, to counter the above argument, presents an alternative basis for his invoking the termination provisions of section 203 with respect to plaintiff Ahern's copyright ownership in the Second Album Compositions. He argues that plaintiff Ahern's ownership of these Compositions can be terminated because a constructive grant can be fashioned for a Composition that, while governed by the 1975 Songwriter Agreement, was not created until 1978.

47. The Notice cites the June 6, 2011 amendment to the Copyright Office's regulations as support for defendant Scholz's alternate theory.

48. The Notice fails to point out, however, that the amendment to the Copyright Office's regulations was designed merely to permit the Copyright Office to record the

termination notice. The Copyright Office's regulations state that "the fact that the [Copyright] Office has recorded the notice does not mean that it is otherwise sufficient under the law. Recordation of a notice of termination by the Copyright Office is without prejudice to any party claiming that the legal and formal requirements for issuing a valid notice have not been met, including before a court of competent jurisdiction." 37 CFR 201.10 (f)(6)

49. Third, it is far from clear that the Second Album Compositions were fully created after January 1, 1978.

50. Upon information and belief, defendant Scholz composed portions of some or all of the Second Album Compositions prior to January 1, 1978.

51. In such cases, if defendant Scholz created, in whole or in part, the Second Album Compositions prior to January 1, 1978, he cannot utilize the termination provisions of section 203(a).

## CLAIM

52. Plaintiff Ahern repeats and realleges each and every allegation set forth in paragraphs 1 through 51 hereof with the same force and effect as if more fully set forth herein.

53. In order to resolve this controversy, plaintiff Ahern requests, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure, that this Court declare the respective rights and duties of the parties in this matter and, in particular, that the Court (a) declare that the Notice, in its entirety, is invalid, (b) that the Notice should be voided *ab initio*, and (c) that it be held that defendant Scholz cannot recover any portion of the copyrights in the Compositions.

## DECLARATION

54. An actual case and controversy exists sufficient for this Court to declare the rights and remedies of the parties in that there is a dispute between the parties concerning whether defendant Scholz can terminate the rights of plaintiffs Ahern and Next Decade in the Compositions.

55. Plaintiffs Next Decade and Ahern have  the requisite standing to request this declaration since they are the administrator and publisher, respectively, of the Compositions,  and  plaintiff Ahern will lose his  copyright ownership in the United States in the Compositions in the event that defendant Scholz prevails.

56. This controversy is ripe for determination at this time because, according to the Copyright Law, ownership rights vested on the date the Notice was served and the termination of copyrights, absent a declaration by the Court to the contrary, will become effective beginning two years from the date of the Notice (i.e., on January 24, 2015).

57. The threat of the termination of plaintiff Ahern's United States copyrights in the Compositions casts a pall on the assets of the Compositions, diminishes their value, and complicates the ability of plaintiffs Next Decade and Ahern to commercially exploit them.

58. A decision on this issue is therefore needed as soon as possible.

WHEREFORE, Plaintiffs Next Decade Entertainment, Inc. and Paul Ahern pray that this Court:

a. Render a declaratory judgment providing that defendant Donald Thomas Scholz has no right, title or interest in the copyrights to the Compositions;

b. Enter an order declaring that the Notice of Termination served upon plaintiff Paul Ahern by defendant Donald Thomas Scholz is invalid and void *ab initio*;

c. Enter an order requiring defendant Donald Thomas Scholz to withdraw the Notice of Termination and submit to the United States Copyright Office whatever written document(s) it requires to effectuate such withdrawal, with copies to Plaintiffs;

d. Enter an order enjoining defendant Donald Thomas Scholz, or any of his agents, licensees, representatives or assignees, from making any claims to the copyrights in the Compositions or in any other manner encumbering or restricting Next Decade Entertainment, Inc.'s and Paul Ahern's rights in the Compositions;

e. Award plaintiffs Next Decade Entertainment, Inc. and Paul Ahern their costs and disbursements incurred in this suit, together with a reasonable allowance for counsel fees as provided by Section 505 of the Copyright Act, 17 U.S.C. Section 505; and

f. Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 18, 2013

EISENBERG TANCHUM & LEVY
Attorneys for Plaintiffs Next Decade
Entertainment, Inc. and Paul Ahern

By: _____
Stewart L. Levy (SLL-2892)
675 Third Avenue
New York, New York 10017
(212) 599-0777

**Exhibit A**

<u>NOTICE OF TERMINATION</u>

PLEASE TAKE NOTICE that, pursuant to Section 203 of the Copyright Act, the undersigned, Donald Thomas Scholz ("Scholz"), hereby provides notice of his termination of any and all rights transferred to any or all of P.C. Productions, Ahern Associates, Paul Ahern d/b/a Pure Songs, and Paul Ahern (collectively, "Pure Songs"), in and to the copyright in the musical works identified on the attached schedule of works (the "Schedule").

In connection with this Notice, Scholz offers the following information, required under 37 C.F.R. 201.10:

This termination is made under Section 203 of the Copyright Act.

The grantees whose rights are being terminated are Paul Ahern and P.C. Productions.  Upon information and belief, and after reasonable investigation, Paul Ahern and P.C. Productions are now doing business as Pure Songs.  This notice is being served upon the following, as listed in the ASCAP directory as of January 8, 2013, by First-Class Mail:

Pure Songs
c/o BSFS Ltd
15360 China Rapids Drive
Red Bluff, CA  96080

Pure Songs
c/o Next Decade Entertainment Inc.
c/o Next Decade Music
Attn:  Stuart Cantor
65 West 55th Street, Suite 4F
New York, NY  10019

With a courtesy copy to:

Eisenberg Tanchum & Levy
Attn: Stewart L. Levy
675 Third Avenue
New York, NY  10017

The date of execution of the grant which is being terminated is April 24, 1978.  Scholz and Paul Ahern signed a songwriter's agreement on November 15, 1975 (the "1975 Agreement"), which contains the grant language.  The 1975 Agreement is referenced in the recording, management and songwriting agreement executed by Scholz and other artists, and by P.C. Productions, Ahern Associates, Paul Ahern d/b/a Pure Songs, and Paul Ahern on April 24, 1978 (the "1978 Agreement").    A settlement between Paul Ahern and Charles McKenzie was executed contemporaneously with the 1978 Agreement (the "Settlement").  Prior to the 1978 Agreement and the Settlement, Scholz took the position that the 1975 Agreement was void, voidable, or terminated. He relinquished that position in exchange for various changes in the 1978 Agreement and revisions to a 1976 recording agreement with CBS Records. The 1978 Agreement changed the 1975 Agreement in many respects. One concerned the "Publisher." According to the Settlement, the 1975 Agreement was claimed to have been executed by Paul Ahern as a partner in a partnership between him and Charles McKenzie.  The Ahern/McKenzie partnership was dissolved by the Settlement. Unlike the 1975 Agreement with Paul Ahern as a partner, the 1978 Agreement is with Paul Ahern as an individual and the only owner of P.C. Productions, Ahern Associates, and Paul Ahern d/b/a Pure Songs, and therefore constitutes a new grant of rights.

1

This Notice terminates all rights granted by Scholz to Pure Songs in the 1978 Agreement in and to the musical works identified on the attached Schedule.[1]

With respect to the works appearing on Boston's *Don't Look Back* album, an alternative basis for this notice under Section 203 of the Copyright Act is pursuant to the June 6, 2011 amendments to the regulations governing notices of termination: "In any case where an author agreed, prior to January 1, 1978, to a grant of a transfer or license of rights in a work that was not created until on or after January 1, 1978, a notice of termination of a grant under section 203 of title 17 may be recorded if it recites, as the date of execution, the date on which the work was created." 37 C.F.R. 201.10(f)(5). All works included on *Don't Look Back* were created in 1978.

To ensure the accuracy of information included in this Notice, Scholz requested copies of copyright registration certificates and relevant agreements from Pure Songs. Pure Songs failed to produce any documentation. As such, the information included above is culled from searches of the Copyright Office online records, commercial search reports, discovery documents and litigation exhibits, and ASCAP and other online databases.

The effective date of termination shall be January 24, 2015.

---

[1] This Notice of Termination applies to each and every work composed solely by Scholz that is included on Boston's debut album, *Boston*, and Boston's second album, *Don't Look Back*. If any such work has been omitted, such omission is unintentional and involuntary. Scholz reserves his rights to serve and record additional Notices of Termination in relation to works not deemed covered by this Notice of Termination.

To the best knowledge and belief of the undersigned, this Notice has been signed by the only person whose signature is necessary to terminate the grant referred to herein under Section 203 of the Copyright Act.

Dated: _1·18·13_                    Signed: _____

Donald Thomas Scholz
c/o Craig E. Pinkus
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone:  (317) 684-5358
Facsimile:  (317) 684-0358

3

## Schedule of Works

*Boston*

| Title | Registration Number | Registration Date | Claimant | Date of Publication | Authorship listed on Registration |
|---|---|---|---|---|---|
| More Than a Feeling | EU625326 | 10/29/75 | Donald T. Scholz[2]* | N/A | Musical composition, words, music and arrangement by Donald T. Scholz |
| More Than a Feeling | EU706122** | 8/9/76 | Pure Songs | N/A | Musical composition, words and music by Donald T. Scholz |
| More Than a Feeling | EP368076[3] | 11/4/76 | Donald T. Scholz | 11/4/76 | Musical composition, words and music by Donald T. Scholz; arrangement for piano by Columbia Pictures Publications as employer for hire of Bert Dovo |
| Peace of Mind | EU536104 | 11/19/74 | Donald T. Scholz[4]* | N/A | By Donald T. Scholz |
| Peace of Mind | EU706121** | 8/9/76 | Pure Songs | N/A | Words and music by Donald T. Scholz |
| Peace of Mind | EP366503[5] | 1/14/77 | Donald T. Scholz | 1/14/77 | Words and music by Donald T. Scholz; arrangement for piano by Columbia Pictures Publications as employer for hire of Bert Dovo |
| Peace of Mind | PA10590[6] | 4/25/78 | Donald T. Scholz | 4/5/78 | Words, music and arrangement by Donald T. Scholz |
| Fore-Play - Long Time | EU706125 | 8/9/76 | Pure Songs[7] | N/A | Words and music by Donald T. Scholz |

[2] The in-process records of the Copyright Office indicate that an application to renew this registration was received October 15, 2004, listing the author/claimant as Pure Songs.
[3] This registration cites the prior 1975 registration (EU625326).
[4] This registration was renewed on January 2, 2002 in the name of Donald T. Scholz (RE858058).
[5] This registration cites the prior 1974 registration (EU536104).
[6] This registration cites the prior 1977 registration (EP366503).
[7] This registration was renewed on January 6, 2004 in the name of Donald T. Scholz (RE895693).

4

| Title | Registration Number | Registration Date | Claimant | Date of Publication | Authorship listed on Registration |
|---|---|---|---|---|---|
| Foreplay | EP366502[8] | 1/14/77 | Pure Songs | 1/14/77 | Words and music by Donald T. Scholz; arrangement for piano by Columbia Pictures Publications as employer for hire of Bert Dovo |
| Song without Words | EU495558 | 6/17/74 | Donald T. Scholz* | N/A | Words, music, arrangement by Donald T. Scholz |
| Rock n' Roll Band | EU543181[9] | 12/23/74 | Donald T. Scholz* | N/A | Words, music and arrangement by Donald T. Scholz |
| Rock and Roll Band | EU706120** | 8/9/76 | Pure Songs | N/A | Words and music by Donald T. Scholz |
| Rock & Roll Band | EP366505[10] | 1/14/77 | Donald T. Scholz | 1/14/77 | Words and music by Donald T. Scholz; arrangement for piano by Columbia Pictures Publications as employer for hire of Bert Dovo |
| Gonna Hitch a Ride | EU226302 | 12/28/70 | Donald T. Scholz* | N/A | Donald T. Scholz, contribution not specified |
| Hitch a Ride | EU706124** | 8/9/76 | Pure Songs[11] | N/A | Words and music by Donald T. Scholz |
| Hitch a Ride | EP366507[12] | 1/14/77 | Donald T. Scholz | 1/14/77 | Words and music by Donald T. Scholz; arrangement for piano by Columbia Pictures Publications as employer for hire of Bert Dovo |
| It Isn't Easy | EU625325 | 10/29/75 | Donald T. Scholz* | N/A | Words, music and arrangement by Donald T. Scholz |

[8] This registration cites the prior 1976 registration (EU706125).
[9] This registration cites the prior June 17, 1974 registration (EU495558).
[10] This registration cites the prior December 23, 1974 registration (EU543181).
[11] The in-process records of the Copyright Office indicate that an application to renew this registration was received October 15, 2004, listing the author/claimant as Pure Songs.
[12] This registration cites the prior 1970 registration (EU226302).

| Title | Registration Number | Registration Date | Claimant | Date of Publication | Authorship listed on Registration |
|---|---|---|---|---|---|
| Something About You | EU706118** | 8/9/76 | Pure Songs | N/A | Words and music by Donald T. Scholz |
| Something About You | EP366508[13] | 1/14/77 | Donald T. Scholz | 1/14/77 | Words and music by Donald T. Scholz; arrangement for piano by Columbia Pictures Publications as employer for hire of Bert Dovo |

* An Assignment of Copyright, dated January 21, 1977 and recorded February 7, 1977, shows assignment of these registrations from Donald T. Scholz to Pure Songs.

** A letter from Blackwood Music, Inc., dated February 7, 1977 and recorded March 3, 1977, indicated that these registrations were "made erroneously… and should be expunged from the records of the Copyright Office." The five (5) registrations listed in the letter "duplicate pre-existing registrations made in the name of Donald T. Scholz for the subject musical compositions."

[13] This registration cites the prior 1975 registration (EU625325).

6

*Don't Look Back*

| Title | Registration Number | Registration Date | Claimant | Date of Publication | Authorship listed on Registration |
|---|---|---|---|---|---|
| Don't Look Back | PAu000052500 | 8/10/78 | Pure Songs | N/A | words & music: Tom Scholz |
| Don't Look Back | PA0000014789 | 9/1/78 | Pure Songs | 8/18/78 | words & music: Tom Scholz |
| The Journey | PAu000052494 | 8/10/78 | Pure Songs | N/A | music: Tom Scholz |
| The Journey | PA0000014790 | 9/1/78 | Pure Songs | 8/18/78 | music: Tom Scholz |
| It's Easy | PAu000052498 | 8/10/78 | Pure Songs | N/A | words & music: Tom Scholz |
| It's Easy | PA0000014791 | 9/1/78 | Pure Songs | 8/18/78 | words & music: Tom Scholz |
| A Man I'll Never Be | PAu000052497 | 8/10/78 | Pure Songs | N/A | words & music: Tom Scholz |
| A Man I'll Never Be | PA0000014792 | 9/1/78 | Pure Songs | 8/18/78 | words & music: Tom Scholz |
| Feelin' Satisfied | PAu000052499 | 8/10/78 | Pure Songs | N/A | words & music: Tom Scholz |
| Feelin' Satisfied | PA0000014793 | 9/1/78 | Pure Songs | 8/18/78 | words & music: Tom Scholz |
| Don't Be Afraid | PAu000052495 | 8/10/78 | Pure Songs | N/A | words & music: Tom Scholz |
| Don't Be Afraid | PA0000014796 | 9/1/78 | Pure Songs | 8/18/78 | words & music: Tom Scholz |

<u>Certificate of Service</u>

The undersigned hereby certifies that he served by First-Class Mail, a true and correct copy of the foregoing Notice of Termination upon the following on this 23rd day of January, 2013:

Pure Songs
c/o BSFS Ltd
15360 China Rapids Drive
Red Bluff, CA  96080

Pure Songs
c/o Next Decade Entertainment Inc.
c/o Next Decade Music
Attn:  Stuart Cantor
65 West 55th Street, Suite 4F
New York, NY  10019

With a courtesy copy to:

Eisenberg Tanchum & Levy
Attn: Stewart L. Levy
675 Third Avenue
New York, NY  10017

Craig E. Pinkus
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone:  (317) 684-5358
Facsimile:  (317) 223-0358

8