UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PAUL AHERN and NEXT DECADE
ENTERTAINMENT, INC.,

        Plaintiffs,

                          -v-    No. 13 Civ. 1812 (LTS)

DONALD THOMAS SCHOLZ,

        Defendant.

-------------------------------------------------------x

**ORDER CERTIFYING MATTER TO THE ATTORNEY GENERAL OF THE UNITED STATES**

        In the parties' Joint Pretrial Statement, filed with this Court on June 7, 2013, the plaintiffs, Paul Ahern and Next Decade Entertainment, Inc., asserted that, should the Court interpret Section 203 of the Copyright Act to allow termination of certain grants of copyrights, such application of the statute would constitute an unconstitutional taking of private property under the Fifth Amendment to the United States Constitution.

        Section 2403(a) of Title 28 of the United States Code provides that:

> (a) In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

        Where "[a] party [] files a pleading, written motion, or other paper drawing into question the constitutionality of a federal . . . statute," the Federal Rules of Civil Procedure mandate that the court certify the constitutional challenge to the Attorney General. Fed. R. Civ. P. 5.1.

        Plaintiffs question "[w]hether an author of musical compositions, written in whole or in part after January 1, 1978, whose copyright ownership had been transferred by him to a third party pursuant to a grant in the form of a five-year agreement entered into in 1975 encompassing all songs

written by the author through 1980, can invoke the termination of copyright assignment provisions of Section 203 of the Copyright Act, 17 U.S. C. §203." According to plaintiffs, "[p]ermitting the grants to qualify for the [termination] provisions of section 203 of the Copyright Act, a law not in existence in 1975, would result in [plaintiffs'] copyright ownership in musical compositions governed by the 1975 agreement being reduced" significantly. Plaintiffs assert that such a termination of the grant to a copyright, under Section 203, "constitutes a violation of the Fifth Amendment to the United States Constitution in that it is an unlawful taking of private property without compensation to promote a public purpose . . . . "

ORDERED that plaintiffs' challenge to the constitutionality of Section 203 of the Copyright Act is certified to the Attorney General of the United States; and it is further

ORDERED that the Clerk of this Court shall forward a copy of this order and the Joint Pretrial Statement [Docket No. 16] to the Attorney General of the United States.

Dated: New York, New York
       June 20, 2013

LAURA TAYLOR SWAIN
United States District Judge